Bat, J.
who presided, declared, that this kind of evidence was inadmissible, unless there had been an express covenant on the part of Lewis, that he was at the time of sale the lawful owner ; in which case, a defect of title might be given in evidence. But, in the present instance, the Covenant was, that he, Lewis, would warrant and defend it against all others, but Mr. Michie and his heirs ; under which latter covenant no cause of action accrues until a recovery over and eviction by some other person, having a title paramount. Besides, the 3d clause of the limitation act, passed in 1712, expressly declares, that the judges shall allow no other claim to lands but by action at law. Indeed, the party himself seems to have been aware of Michié’s claim, and until some other person appeared and maintained his title by due course of law, the plaintiff, in the present case, could have no cause of action.
Let the plaintiff be nonsuited.

N. B.

The principles of the above case have been since overruled at the constitutional court of appeals, on the ground of a failure of consideration which the defendant may give in evidence, before an eviction, either by parol testimony, or by elder grants or deeds, &c. &c.